FILED
11/6/2026
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

MEN

AUSA Michael F. Angarola (312) 353-1415

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>BRIAN LERCH | Case No.: 26 CR 579<br>MARIA VALDEZ<br>Magistrate Judge |

**AFFIDAVIT IN REMOVAL PROCEEDING**

I, MICHAEL GORMAN, appearing before United States Magistrate Judge MARIA VALDEZ by telephone and being duly sworn under oath, state that as a federal law enforcement officer I have been informed that BRIAN LERCH has been charged by Indictment in the Eastern District of Texas with the following criminal offense: bank fraud, in violation of Title 18, United States Code, Section 1344.

A copy of the Indictment is attached. A copy of the arrest warrant also is attached.

Michael J. Gorman

MICHAEL GORMAN
Special Agent
Office of Inspector General,
Department of Housing and
Urban Development

SWORN TO AND AFFIRMED by telephone this 6th day of November, 2026.

Maria Valdez

MARIA VALDEZ
United States Magistrate Judge

FILED

OCT 2 1 2026

CLERK, U.S. DISTRICT COURT
TEXAS EASTERN

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | No. 4:26CR284 |
| | § | Judge MJT / ZH |
| BRIAN LERCH | § | |
| | § | |

SEALED

# INDICTMENT

THE UNITED STATES GRAND JURY CHARGES:

## Count One

Violation: 18 U.S.C. § 1344
(Bank Fraud)

## General Allegations

1. At all times relevant to this indictment, **Brian Lerch** was an appraiser certified to perform appraisal inspections in connection with loans insured under the United States Department of Housing and Urban Development's ("HUD") Federal Housing Administration ("FHA") program.

2. **Lerch** was an employee of Appraisal Company 1 at all times relevant to this indictment, until that company was purchased by Appraisal Company 2 in or around September 2021. **Lerch** was an employee of Appraisal Company 2 at all times relevant to this indictment following that acquisition.

3. In his role as an employee of Appraisal Company 1 (and later Appraisal Company 2), **Lerch** supervised individuals who were working to become certified appraisers (the "trainee appraisers").

4. **Lerch** worked from his home office in Frisco, Texas, and from Appraisal Company 1's (later Appraisal Company 2's) office in Plano, Texas, both within the Eastern District of Texas, at times relevant to this indictment.

5. Mortgage Company 1 was a financial institution as defined in 18 U.S.C. § 20(10), that is, an organization that financed and/or refinanced debt secured by an interest in real estate and with activities that affected interstate and foreign commerce.

6. It was a practice of many financial institutions, including Mortgage Company 1, to make loans secured by real property to borrowers or to refinance loans secured by real property. Such loans were typically called mortgages or mortgage loans.

7. HUD provided insurance through the FHA program to lenders for certain mortgages. In general, this insurance would reimburse a lender for losses that the lender incurred if a borrower defaulted on the loan funded by the lender.

8. FHA regulations required that a property with an FHA-insured mortgage must be personally inspected by an FHA-certified appraiser prior to closing. The appraisal was significant to lenders, such as Mortgage Company 1, because the lender needed to ensure that the appraised value supported the sales price and loan amount of the property.

9. A Uniform Residential Appraisal Report ("Form 1004") was a standardized summary report that provided a licensed appraiser's estimate of a home's value. A Manufactured Home Appraisal Report ("Form 1004C") was a standardized summary report similar to the Form 1004 but applicable to manufactured homes. To help them make prudent underwriting decisions Mortgage Company 1 and other lenders relied on

licensed appraisers to provide thorough, accurate, truthful, and objective appraisals using, among other forms, Form 1004 and Form 1004C, as applicable, prior to approving and funding mortgage loans secured by residential real estate.

10. Both Form 1004 and Form 1004C contained an appraiser's certification requiring the appraiser signing the report to certify, among other things, that the appraiser had "performed a complete visual inspection of the interior and exterior areas of the subject property."

## Overview of the Scheme to Defraud

11. From in or around December 2020 at least through in or around February 2022, in the Eastern District of Texas and elsewhere, the defendant, **Brian Lerch**, did knowingly and intentionally devise and intend to devise scheme and artifice to defraud financial institutions, as defined in 18 U.S.C. § 20, and to obtain money, funds, credits, assets, and other property owned by, and under the custody and control of, the financial institution, by means of materially false and fraudulent pretenses, representations, and promises.

## Manner and Means

12. It was part of the scheme and artifice that, among other things:

a. **Lerch**, as an employee of Appraisal Company 1 and later Appraisal Company 2, provided appraisal services to Mortgage Company 1 and other financial institutions.

b. **Lerch** directed trainee appraisers to conduct appraisal inspections for properties that would be subject to FHA-insured mortgages within the Eastern District of Texas and elsewhere without **Lerch** present for the appraisal inspection.

c. **Lerch** prepared materially false and fraudulent appraisal reports using, among other forms, Form 1004 and Form 1004C. Among other things, these appraisal reports contained materially false and fraudulent certifications stating that **Lerch** had performed a "complete visual inspection of the interior and exterior areas" of the properties undergoing the appraisals. In reality, **Lerch** had not personally inspected the interior and exterior areas of these properties as represented in the appraisal reports, and the appraisal inspections of these properties were instead conducted by the trainee appraisers.

d. The certifications **Lerch** signed on the appraisal reports were materially false and fraudulent, in that the falsely and fraudulently certified appraisal reports influenced the decision of financial institutions, including but not limited to Mortgage Company 1, to issue mortgages.

e. **Lerch**'s false and fraudulent certifications resulted in financial institutions, including Mortgage Company 1, transmitting appraisal fees on behalf of their borrowers to, among others, Appraisal Company 1 as compensation for the appraisals associated with the false and fraudulent certifications.

13. From in or around December 2020 at least through in or around February 2022, **Lerch** executed at least 50 false certifications on appraisal reports in connection with FHA-insured loans for residential properties, including properties within the Eastern District of Texas and elsewhere. By submitting appraisal reports containing false certifications, **Lerch** caused more than $25,000 in appraisal fees to be paid to Appraisal Company 1 or Appraisal Company 2. **Lerch**'s false certifications resulted in financial institutions, including Mortgage Company 1, issuing at least $10,000,000 in mortgages for the affected properties and HUD/FHA issuing at least $10,000,000 in mortgage insurance for these properties.

**Execution of the Scheme and Artifice**

14. On or about November 8, 2021, within the Eastern District of Texas, **Brian Lerch**, for the purpose of knowingly and with intent to defraud executing, and attempting

to execute, the aforementioned scheme and artifice to defraud financial institutions, including Mortgage Company 1, a financial institution as defined in 18 U.S.C. § 20, and to obtain money, funds, credits, assets, and other property owned by and under the custody and control of a financial institution, by means of materially false and fraudulent pretenses, representations, and promises, signed an appraisal report stating that on October 26, 2021, he performed "complete visual inspection of the interior and exterior areas" of a residential property located at 1xx7 River Crossing Dr., Anna, Texas, knowing the same to be false, which caused Mortgage Company 1 to pay a $500 appraisal fee to Appraisal Company 1 and approve and fund a $280,327 mortgage loan secured by a property located at 1xx7 River Crossing Dr., Anna.

All in violation of 18 U.S.C. § 1344.

## NOTICE OF INTENT TO SEEK CRIMINAL FORFEITURE

Pursuant to 18 U.S.C. §§ 981(a)(1)(C) and 982(a)(2)(A) and 28 U.S.C. § 2461

1. The allegations contained in Count 1 of this indictment are realleged and incorporated by reference as though fully set forth herein for the purpose of alleging forfeiture to the United States of America of certain property in which the defendant has an interest.

2. Upon conviction of any violation of 18 U.S.C. § 1344, the defendant, **Brian Lerch**, shall forfeit to the United States any property, real or personal, that constitutes or is derived from proceeds traceable to the offense, pursuant to 18 U.S.C. §§ 981(a)(1)(C), 982(a)(2)(A), and 28 U.S.C. § 2461(c). The property, which is subject to forfeiture, includes but is not limited to, a money judgment, and all interest and proceeds traceable thereto, representing the proceeds of the offenses.

4. Pursuant to 21 U.S.C. § 853(p), as incorporated by reference by 18 U.S.C. § 982(b), if any of the forfeitable property, or any portion thereof, as a result of any act or omission of the defendant:

a. Cannot be located upon the exercise of due diligence;

b. Has been transferred, or sold to, or deposited with a third party;

c. Has been placed beyond the jurisdiction of the Court;

d. Has been substantially diminished in value; or

e. Has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States to seek the forfeiture of other property of the defendants up to the value of the above-described forfeitable properties, including, but not limited to, any identifiable property in the names of the defendants, pursuant to 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. 2461(c).

5. By virtue of the commission of the offense alleged in this indictment, any and all interest that the defendant has in the above-described property is vested in the United States and hereby forfeited to the United States pursuant to 18 U.S.C. §§ 981(a)(1)(C) and 982(a)(2)(A), and 28 U.S.C. § 2461(c).

All pursuant to 18 U.S.C. §§ 981(a)(1)(C), 982(a)(2)(A), and 28 U.S.C. § 2461(c) and the procedures set forth at 21 U.S.C. § 853, as made applicable through 18 U.S.C. § 982(b)(1).

A TRUE BILL

[redacted]

GRAND JURY FOREPERSON

JAY R. COMBS
UNITED STATES ATTORNEY

PETER T. THOMAS
Assistant United States Attorney

10/21/26
Date

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | No. 4:26CR____ |
| | § | Judge _________ |
| BRIAN LERCH | § | |
| | § | |

**Count One**

Violation: 18 U.S.C. § 1344

Penalty: Imprisonment of not more than thirty (30) years; a fine not to exceed $1,000,000, or if any person derives pecuniary gain from the offense, or if the offense results in pecuniary loss to a person other than the defendant—a fine not more than the greater of twice the gross gain to the defendant or twice the gross loss to individual(s) other than the defendant; or both imprisonment and a fine; and supervised release of not more than five years.

Special Assessment: $100.00

AO 442 (Rev. 11/11) Arrest Warrant

# UNITED STATES DISTRICT COURT

for the

Eastern District of Texas

United States of America
v.
Brian Lerch
*Defendant*

Case No. 4:26-cr-00284-MJT-ZJH

## ARREST WARRANT

To: Any authorized law enforcement officer

**YOU ARE COMMANDED** to arrest and bring before a United States magistrate judge without unnecessary delay
*(name of person to be arrested)* Brian Lerch ,
who is accused of an offense or violation based on the following document filed with the court:

☑ Indictment ☐ Superseding Indictment ☐ Information ☐ Superseding Information ☐ Complaint
☐ Probation Violation Petition ☐ Supervised Release Violation Petition ☐ Violation Notice ☐ Order of the Court

This offense is briefly described as follows:

(1) 18 U.S.C. § 1344 Bank Fraud

Date: 10/22/2026

David A. O'Toole
*Issuing officer's signature*

City and state: Sherman, Texas

David A. O'Toole, Clerk Eastern District of Texas
*Printed name and title*

**Return**

This warrant was received on *(date)* ________ , and the person was arrested on *(date)* ________
at *(city and state)* ________ .

Date: ________

________
*Arresting officer's signature*

________
*Printed name and title*

PER 18 U.S.C. § 3170

**DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT**

BY: ☐ INFORMATION ☑ INDICTMENT ☐ COMPLAINT CASE NO. 4:26CR 284 MJT / ZH

Matter Sealed: ☐ Juvenile ☑ Other than Juvenile

☐ Pre-Indictment Plea

☐ Superseding Information ☐ Defendant Added

☐ Superseding Indictment ☐ Charges/Counts Added

Name of District Court and/or Judge/Magistrate Location (City)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS

Sherman

Divisional Office

Name and Office of Person Furnishing Information on this Form: Peter Thomas

☑ U.S. Atty ☐ Other U.S Agency

Phone No. 972-509-1201

Name of AUSA (if assigned): Peter Thomas

USA vs.

Defendant: BRIAN LERCH

Address:

☐ Interpreter Required Dialect:

Birth Date: [redacted]

☑ Male ☐ Female ☐ Alien (if applicable)

Social Security Number:

## PROCEEDING

Name of Complainant Agency, or Person (& Title, if any)

SA Evan Firmin, HUD OIG

☐ person is awaiting trial in another Federal or State Court (give name of court)

☐ This person/proceeding transferred from another district per (check one) FRCrP 20, 21 or 40 (show district)

☐ This is a reprosecution of charges previously dismissed which were dismissed on a motion of: ☐ U.S. Atty ☐ Defense

☐ This prosecution relates to a pending case involving this same defendant (Notice of Related Case must still be filed with the Clerk). SHOW DOCKET NO.

☐ Prior proceedings or appearance(s) before U.S. Magistrate Judge regarding this defendant were recorded under: MAG. JUDGE CASE NO.

## DEFENDANT

Issue: ☑ Warrant ☐ Summons ☐ Notice/ECF

Location Status:

Arrest Date: or Date Transferred to Federal Custody

☐ Currently in Federal Custody

☐ Currently in State Custody

☐ Writ Required

☐ Currently on bond

☐ Fugitive

☐ NCIC Entry Not Authorized

FILED

OCT 21 2026

CLERK, U.S. DISTRICT COURT
TEXAS EASTERN

Defense Counsel (if any):

☐ FPD ☐ CJA ☐ RET'D

☐ Appointed on Target Letter

Place of Offense: Collin County: Texas

☐ This report amends AO 257 previously submitted

**OFFENSE CHARGED-- U.S.C. CITATION - STATUTORY MAXIMUM PENALTIES - ADDITIONAL INFORMATION OF COMMENTS**

Total # of Counts (for this defendant only): 1 ☑ Felony ☐ Misdemeanor

Count 1 - Violation: 18 U.S.C. § 1344 - Bank Fraud

**This second page contains personal identifiers provided for law-enforcement use only and therefore should not be filed in court with the executed warrant unless under seal.**

***(Not for Public Disclosure)***

Name of defendant/offender: ______________________

Known aliases: ______________________

Last known residence: ______________________

Prior addresses to which defendant/offender may still have ties: ______________________

Last known employment: ______________________

Last known telephone numbers: ______________________

Place of birth: ______________________

Date of birth: ______________________

Social Security number: ______________________

Height: ______________ Weight: ______________

Sex: ______________ Race: ______________

Hair: ______________ Eyes: ______________

Scars, tattoos, other distinguishing marks: ______________________

History of violence, weapons, drug use: ______________________

Known family, friends, and other associates *(name, relation, address, phone number)*: ______________________

FBI number: ______________________

Complete description of auto: ______________________

Investigative agency and address: ______________________

Name and telephone numbers (office and cell) of pretrial services or probation officer *(if applicable)*: ______________________

Date of last contact with pretrial services or probation officer *(if applicable)*: ______________________

Print | Save As... | Reset